UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KINARD PAINTING & SANDBLASTING, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-20-597-J |
| RSUI GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are Defendants' Motion for Summary Judgment, to which Plaintiffs have responded and Defendants have replied [Doc. Nos. 64, 76, 81], and Plaintiffs' Motion for Partial Summary Judgment, to which Defendants have responded and Plaintiffs have replied [Doc. Nos. 65, 77, 82]. Based upon these submissions, the Court makes its determinations.[1]

**I.   Background and Undisputed Facts**

At issue in this case is a dispute over insurance coverage. Plaintiffs, a painting and sandblasting company and the company's owner, purchased a commercial general liability policy (Policy) issued by Defendant Landmark American Insurance Company (Landmark), which obligated Defendants to defend Plaintiffs in litigation and to indemnify Plaintiffs in the event of a judgment against them, unless such obligations were excused under the terms of the Policy. [Doc. No. 65-1]. The Policy contains exclusions for both pollution and silica or mixed dust.

In October 2015, a third party filed a lawsuit in McClain County, Oklahoma, asserting a single count of negligence against Plaintiff Kinard Painting & Sandblasting, Inc. and alleging they suffered property damage and personal injuries due to fugitive dust generated by Plaintiffs'

---

[1] All page citations refer to the Court's CM/ECF pagination.

sandblasting activities. [Doc. No. 65-7]. The third party is a family comprised of two adults and their two minor children.

After being notified of the third party's claims, on November 24, 2015, Defendant Landmark, through Defendant RSUI Group, Inc., denied coverage and a defense (and by implication, also denied indemnity) in relation to the underlying lawsuit (Denial Letter). [Doc. No. 65-10]. The Denial Letter stated that coverage was precluded by the Policy's Pollution Exclusion as well as the Policy's Silica or Mixed Dust Exclusion.

Plaintiffs contend coverage was not excluded and sued Defendants alleging breach of contract and breach of duty of good faith and fair dealing. In the motions currently before the Court, the parties seek a determination of coverage under the Policy, as well as additional determinations stemming from the coverage decision. Because the question of coverage is central to both motions, the Court addresses that issue first.

## II.     Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### III. Discussion

#### A. Coverage under the Policy of the underlying lawsuit

The parties' motions require an interpretation of the Policy, which like any contract, presents a question of law for the Court. Under Oklahoma law, which applies in this diversity action, "[t]he general declaration of insurance coverage, as established by the insurance policy and limited by its provisions, normally determines the insurance carrier's liability, and the insured's respective rights under the contract by identifying what risks are covered and excluded by the policy." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 377 (Okla. 1991). An insurance contract that is unambiguous, clear, and consistent is to be accepted in its ordinary sense and enforced to carry out the expressed intentions of the parties. *Phillips v. Estate of Greenfield*, 859 P.2d 1101, 1104 (Okla. 1993). "[P]arties to an insurance contract are at liberty to contract for insurance to cover such risks as they see fit and are bound by the terms of the contract and courts will not undertake to rewrite the terms thereof." *Id.*

Here, the terms of the contract are clear and unambiguous. The Policy states that:

[Defendants] will pay those sums that [Plaintiffs] become[] legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Defendants] will have the right and duty to defend [Plaintiffs] against any "suit" seeking those damages. However, [Defendants] will have no duty to defend [Plaintiffs] against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Policy at 13. And the terms of the Silica or Mixed Dust Exclusion are as follows:

This insurance does not apply to "bodily injury[]" [or] "property damage" . . . arising out of or in any way related to the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation or respiration of "mixed dust", silica or products or substances containing silica. . . . As used in this exclusion: "mixed dust" means inorganic or organic dusts that have harmful effects on human beings.

*Id.* at 58.

In the underlying lawsuit, the third party alleged that they had sustained "property damage,

3

personal injuries, pain and suffering, medical expenses, and will continue to incur medical expenses." [Doc. No. 65-7] at 2. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "property damage" as "[p]hysical injury to tangible property." Policy at 25, 27. Thus, the underlying lawsuit includes allegations of bodily injury and property damage.

Additionally, the third party alleged that these injuries were the result of "fugitive dust" generated by Plaintiffs' sandblasting activities. [Doc. No. 65-7] at 2. As such, the third party – who are human beings – alleged they had suffered harmful effects as a result of dust. Thus, the dust at issue in the underlying lawsuit meets the definition of mixed dust set forth in the Silica or Mixed Dust Exclusion. And the allegations of bodily injury and property damage caused by the generation of mixed dust fall within the Silica or Mixed Dust Exclusion.

Accordingly, the Policy did not apply to the bodily injury and property damage alleged in the underlying lawsuit. And because these allegations comprise the entire underlying lawsuit, Defendants had no duty to defend Plaintiffs against the underlying lawsuit and no duty to indemnify them for damages awarded therein.

    **B.**    **Defendants' Motion for Summary Judgment [Doc. No. 64]**

Defendants seek determinations that (1) the Policy's exclusions bar coverage of the underlying lawsuit and (2) Defendant Landmark did not breach the duty of good faith and fair dealing. For the reasons set forth above, the Court finds the Policy's Silica or Mixed Dust Exclusion bars coverage of the underlying lawsuit. Based on this determination, the Court finds it unnecessary to address whether the Pollution Exclusion also bars coverage. *See Dodson*, 812 P.2d at 377 (explaining that each exclusion operates to eliminate coverage by identifying events not covered by the policy).

Additionally, to prevail on a bad faith claim, Plaintiffs must establish that Defendants

wrongfully denied their claim. Under Oklahoma law, an insurer has a duty to act in good faith and to deal fairly with the insured to ensure that the policy benefits are received. A violation of that duty gives rise to a tort cause of action. *Christian v. Am. Home Assur. Co.*, 577 P.2d 899, 901 (Okla. 1977). A "clear showing" that the insurer acted unreasonably and in bad faith is necessary to show a breach of that duty. *Id*. at 905. But because Defendants had no duties to Plaintiffs under the Policy with respect to the underlying lawsuit, Defendants did not act unreasonably or in bad faith in denying coverage under the Policy.

For these reasons, Defendants' Motion for Summary Judgment is granted.

### C. Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 65]

Plaintiffs seek determinations that (1) Defendants breached the contract with Plaintiffs by failing to provide a defense in the underlying lawsuit; (2) Defendants owed a duty to defend Plaintiffs in the underlying lawsuit; (3) Defendants owed a duty to indemnify Plaintiffs against the judgment entered in the underlying lawsuit; and (4) Plaintiffs should be awarded the defense costs they incurred in relation to the underlying lawsuit, reasonable attorneys' fees and costs incurred in the instant lawsuit, and all other relief to which they are entitled.

Under Oklahoma law, "[a]n insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to the potential of liability under the policy." *First Bank of Turley v. Fid. & Deposit Ins. Co. of Maryland*, 928 P.2d 298, 303 (Okla. 1996) (emphasis omitted). This duty is not limited by the language of the pleadings but is determined by what is known and knowable at the time defense is demanded. *Id.* at 303-04. If any portion of the subject lawsuit is potentially covered, the insurer must defend the entire lawsuit. *See, e.g., Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.*, 720 F.3d 798, 806 (10th Cir. 2013) (recognizing the "general rule . . . that once an insurer's duty to defend is triggered, it must defend all the claims in a lawsuit"

including those not covered under the policy).²

Plaintiffs argue that Defendants have not met their burden of proving that the Silica or Mixed Dust Exclusion applies to the underlying lawsuit, contending the exclusion is ambiguous and must therefore be resolved in favor of providing coverage. *See Pittman v. Blue Cross and Blue Shield of Okla.*, 217 F.3d 1291, 1298 (10th Cir. 2000) ("A basic rule of insurance law provides that the insured has the burden of showing that a covered loss has occurred, while the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy."); *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 628-629 (Okla. 2015) ("Ambiguities [in an insurance contract] are construed against the insurer and in favor of the insured.").

The Court disagrees. "The test for ambiguity is whether the language is susceptible to two interpretations on its face from the standpoint of a reasonably prudent lay person, not from that of a lawyer." *Am. Econ. Ins. Co. v. Bogdahn*, 89 P.3d 1051, 1054 (Okla. 2004) (internal quotation marks omitted and alterations incorporated). The Court finds there is no ambiguity in the Silica or Mixed Dust Exclusion. Rather, as set forth above, the underlying lawsuit's petition alleged that Plaintiffs generated dust that caused harmful effects on human beings, thus falling within the definition of mixed dust in the exclusion. And as the Silica or Mixed Dust Exclusion encompasses allegations, the facts at the time Plaintiffs demanded coverage were that the allegations in the underlying lawsuit were excluded from coverage per the plain language of the exclusion.³

---

² The duty to defend is broader than the duty to indemnify and "'[a]lthough [an insurer] must defend [its insureds] in Oklahoma state court against all claims, it need only indemnify claims falling within the policy's scope.'" *First Bank of Turley*, 928 P.2d at 303; *Automax Hyundai*, 720 F.3d at 806 (quoting *Utica Mut. Ins. Co. v. Voyles*, 277 F. App'x 809, 816 (10th Cir. 2008)).

³ In short, the Silica or Mixed Dust Exclusion can be read as: This insurance does not apply to bodily injury or property damage arising out of or in any way related to the alleged exposure to mixed dust. *See* Policy at 58. And the coverage agreement can be read as: Defendants have no duty to defend Plaintiffs against any suit seeking damages for bodily injury or property damage to which this insurance does not apply. *See* Policy at 13.

Defendants were not obligated to prove that the dust contained silica or caused harm to the third party; by the terms of the exclusion, it was enough that the underlying lawsuit contained such allegations. *See MJH Properties LLC v. Westchester Surplus Lines Ins. Co.*, 814 F. App'x 421, 426 (10th Cir. 2020) (affirming determination that exclusion applied when petition in underlying lawsuit alleged claims that fell within the language of the exclusion and emphasizing that the exclusion encompassed any "'actual, *alleged*, or threatened" contaminants).

As the Court has determined that coverage for the entire underlying lawsuit was excluded under the Silica or Mixed Dust Exclusion, the Court finds it unnecessary to address whether the Pollution Exclusion also bars coverage.

For these reasons, the Court finds that Defendants did not breach their contract with Plaintiffs by failing to provide a defense in the underlaying lawsuit; Defendants did not owe a duty to defend Plaintiffs in the underlying lawsuit; Defendants did not owe a duty to indemnify Plaintiffs against the judgment entered in the underlying lawsuit; and Plaintiffs are not entitled to costs or fees. Plaintiffs' Motion for Partial Summary Judgment is accordingly denied.

**IV.  Conclusion**

For the reasons set forth herein, Defendants' Motion for Summary Judgment [Doc. No. 64] is GRANTED and Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 65] is DENIED. Judgment in Defendants' favor will be entered separately.

IT IS SO ORDERED this 15th day of August, 2022.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE